UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                    Chapter 11

      AMERICAN MADE TIRES INC,                     Case No. 11-50397-ess

                  Debtor.
------------------------------------------------------------------x
STEVEN GEORGILIS, *as assignee of American
Made Tires, Inc., as assignee of Ohio Made Tires,
LLC, and as assignee of Green Diamond Tire
Factory Ltd.*,


                  Plaintiff,                    Adv. Pro. No. 15-01062-ess
-against-

CORNING FEDERAL CREDIT UNION, *et al*.,

                  Defendants.
------------------------------------------------------------------x


**MEMORANDUM DECISION ON PLAINTIFF MR. GEORGILIS' MOTION TO
RECONSIDER**


Appearances:

Steven Georgilis                              David Rasmussen, Esq.
27-40 Hoyt Avenue South                       Glenn M. Fjermedal, Esq.
Astoria, NY 11102                             Davidson Fink LLP
                                              28 East Main Street
*Plaintiff, pro se*                           Rochester, NY 14614


                                              *Attorneys for Corning Federal
                                              Credit Union*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

## Introduction

Before the Court is the motion of Steven Georgilis for reconsideration of the Court's order entered on November 6, 2015 (the "Remand Order"), remanding this adversary proceeding to the New York Supreme Court, Queens County. The matter to be decided by the Court is whether Mr. Georgilis has shown that the Court should reconsider and amend the Remand Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 9024.

Mr. Georgilis advances several grounds for this relief. First, Mr. Georgilis argues that he is entitled to relief from the Remand Order because the terms of the Court's Remand Order contradict and are inconsistent with the terms of this Court's Order granting a motion to dismiss in a different adversary proceeding. Second, Mr. Georgilis argues that he is entitled to relief from the Remand Order because CFCU perpetrated a fraud on this Court. Third, Mr. Georgilis argues that he is entitled to relief from the Remand Order because CFCU engaged in misconduct. And lastly, Mr. Georgilis argues that he is entitled to relief from the Remand Order because remanding this proceeding to state court has the effect of dismissing with prejudice all of the claims that he has asserted against Corning Federal Credit Union ("CFCU") and Central Marketing, Inc.

## Jurisdiction

The Court has jurisdiction pursuant to Judiciary Code Section 1334. This constitutes a core proceeding under Judiciary Code Section 157(b)(2). The parties have consented to the entry of a final order by this Court. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015).

**Selected Procedural History**

On October 29, 2015, the Court held a hearing on the Motion to Remand and issued an oral decision remanding this adversary proceeding to New York Supreme Court. The Court summarized the relevant procedural history of this proceeding in its oral decision on the Motion to Remand, and portions of that procedural history are set forth below.

*The 2011 American Made Tires Inc. Chapter 11 Bankruptcy Case*

On December 13, 2011, American Made Tires Inc. ("American Made Tires" or the "Debtor") filed for protection under Chapter 11 of the Bankruptcy Code. *In re American Made Tires Inc*, No. 11-50397 (Bankr. E.D.N.Y. Dec. 13, 2011).

On March 19, 2012, CFCU filed an application seeking, among other relief, an order prohibiting American Made Tires from utilizing cash collateral and an order modifying the automatic stay to permit CFCU to pursue its rights under applicable law with respect to certain of the Debtor's assets. In July 2012, after a hearing on the motion, the Court entered an interim order permitting American Made Tires to utilize cash collateral and granting adequate protection to CFCU (the "July 2012 Interim Order").

The Court entered three additional orders permitting American Made Tires to utilize cash collateral and providing adequate protection to CFCU. First, on February 14, 2013, the Court entered an interim order permitting the Debtor to utilize cash collateral and granting adequate protection to CFCU (the "February 2013 Interim Order"). That same day, the Court entered a Supplemental Order directing the Debtor to comply with certain administrative obligations owed to the United States Trustee. And finally, on April 10, 2013, CFCU filed an Affirmation of Non-Compliance noting the Debtor's failure to make certain adequate protection payments as directed by the February 2013 Interim Order. Shortly thereafter, on April 23, 2013, the Court entered an

2

order granting CFCU relief from the automatic stay to permit CFCU to pursue its rights under applicable law with respect to its collateral (the "April 2013 Order").

On June 11, 2013, American Made Tires's Chapter 11 bankruptcy case was dismissed, and on July 2, 2013, the case was closed.

### This Adversary Proceeding

*The Queens County State Court Action*

On October 23, 2014, Mr. Georgilis commenced an action in New York Supreme Court, Queens County against CFCU and Central Marketing, Inc. as defendants (the "State Court Action"). As noted above, Mr. Georgilis filed a summons and notice, but did not file a complaint. On January 12, 2015, CFCU filed a Motion to Dismiss the State Court Action (the "Motion to Dismiss").

In response to the Motion to Dismiss, on March 2, 2015, Mr. Georgilis filed a proposed complaint attached to a signed but unnotarized affidavit (the "Proposed Complaint"). The Proposed Complaint sets forth eight causes of action, labeled: (1) fraud; (2) conversion; (3) breach of the covenant of good faith and fair dealing; (4) misrepresentation; (5) unjust enrichment; (6) tortious interference with contract; (7) breach of contract; and (8) violation of the Uniform Commercial Code.

On March 16, 2015, in response to the opposition and in further support of the Motion to Dismiss, CFCU objected to the Proposed Complaint based on, among other things, the delay and manner in which it was filed. To date, it appears from the record that a complaint has not been accepted for filing in the State Court Action, and the Motion to Dismiss remains pending there.

*This Adversary Proceeding and the Motion to Remand*

This adversary proceeding was commenced on May 26, 2015, when Mr. Georgilis filed a Notice of Removal of the State Court Action under 28 U.S.C. §§ 1452(a) and 1334(b).  In the Notice of Removal, Mr. Georgilis states that the State Court Action involves a dispute concerning the July 2012 Interim Order entered on July 19, 2012 in the 2011 American Made Tires Chapter 11 bankruptcy case.

One month after Mr. Georgilis filed the Notice of Removal of the State Court Action, on June 26, 2015, CFCU filed a motion to remand the proceedings to New York Supreme Court (the "Motion to Remand").  On July 7, 2015, Mr. Georgilis filed a signed but unnotarized affidavit in opposition to the Motion to Remand.  In reply, on July 10, 2015, CFCU filed a memorandum of law in further support of the Motion to Remand.

On July 14, 2015, the Court held a pretrial conference on the Motion to Remand at which Mr. Georgilis and CFCU appeared and were heard.  On August 25, 2015, the Court held a hearing on the Motion to Remand at which Mr. Georgilis and CFCU appeared and were heard, and the Court heard oral argument from CFCU and Mr. Georgilis and closed the record.  On October 29, 2015, the Court held a pretrial conference and a hearing at which Mr. Georgilis and CFCU appeared and were heard, and the Court issued an oral decision granting CFCU's Motion to Remand.

On November 6, 2015, the Court entered an order remanding this adversary proceeding to New York Supreme Court, on several grounds.  First, the Court determined that it could retain jurisdiction over this adversary proceeding after the dismissal of the 2011 American Made Tires Chapter 11 bankruptcy case in light of the relevant factors set forth in *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162 (2d Cir. 1995), including judicial economy, convenience to the

parties, fairness, and comity.  The Court next analyzed whether equitable remand was

appropriate pursuant to Judiciary Code Section 1452(b) by considering, among other things, the

factors set forth in *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407

(S.D.N.Y. 1991):

> (1)  the effect on the efficient administration of the bankruptcy estate;
>
> (2)  the extent to which issues of state law predominate;
>
> (3)  the difficulty or unsettled nature of the applicable state law;
>
> (4)  comity;
>
> (5)  the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
>
> (6)  the existence of the right to a jury trial; and
>
> (7)  prejudice to the involuntarily removed defendants.

The Court considered each factor and, based on the entire record, found that CFCU had

established that this adversary proceeding should be remanded to New York Supreme Court.

## *The Motion to Reconsider and the Relief Sought*

On November 23, 2015, Mr. Georgilis filed this motion to reconsider the Remand Order

(the "Motion to Reconsider"), and an affirmation in support of a proposed order shortening the

time to hear the Motion to Reconsider (the "OSC Application").  By this motion, Mr. Georgilis

seeks the entry of an order: (1) vacating the Remand Order; (2) restoring this adversary

proceeding to the Court's calendar; and (3) issuing a stay enjoining CFCU and Central

Marketing from continuing any actions in New York state court until this motion is considered

and decided.

On November 24, 2015, the Court entered an order scheduling a conference on the OSC

Application for December 16, 2015.  The Court did not stay the state court proceedings.  On

December 10, 2015, CFCU filed an affirmation in opposition to the Motion to Reconsider (the "Opposition").

On December 16, 2015, the Court held a conference on the OSC Application at which Mr. Georgilis and CFCU appeared and were heard. The Court directed Mr. Georgilis to file a reply to the Opposition by January 13, 2016, and directed the parties to be prepared to argue the Motion to Reconsider at a continued hearing on February 23, 2016. On January 13, 2016, Mr. Georgilis filed a reply to the Opposition. And on February 23, 2016, the Court held a continued hearing on the Motion to Reconsider, heard oral argument from Mr. Georgilis and CFCU, and closed the record.

## Background

In the Court's oral decision on the Motion to Remand issued on October 29, 2015, the Court summarized the background of this Proceeding, and portions of that background are set forth below.

Sometime in early 2010, American Made Tires applied for a commercial loan and received a commitment letter from CFCU. CFCU's commitment was contingent upon Mr. Georgilis and Shenaz Georgilis granting CFCU an unconditional guaranty, CFCU receiving a lien on certain re-mold factory equipment held by American Made Tires (the "Collateral"), and CFCU receiving a mortgage totaling $340,000 on the real property located at 588 Helena Drive, South Hempstead, New York, 11550 (the "Property").

On July 30, 2010, Mr. Georgilis and Ms. Georgilis attended a closing for a commercial loan and an SBA express loan (the "SBA Loan") from CFCU (together, the "CFCU Loans"). At that closing, as a result of the SBA Loan, American Made Tires received a check for $350,000 made payable to American Made Tires and Rule Transfer Inc.

In the Fall of 2011, American Made Tires defaulted on the CFCU Loans, and on December 13, 2011, American Made Tires filed for protection under Chapter 11. On consent, on July 19, 2012, this Court entered an interim order in the 2011 American Made Tires Chapter 11 bankruptcy case permitting the Debtor to utilize cash collateral and granting adequate protection to CFCU (the "July 2012 Interim Order"). Also on consent, on February 14, 2013, this Court entered a second interim order permitting American Made Tires to utilize cash collateral and once again granting adequate protection to CFCU (the "February 2013 Interim Order").

As part of the February 2013 Interim Order, Mr. Georgilis and Ms. Georgilis agreed to execute a deed in lieu of foreclosure on the Property in favor of CFCU, and CFCU agreed to "forbear from recording [the deed] provided [that American Made Tires] strictly complies with the terms of [the] Order," and that compliance included making adequate protection payments to CFCU. February 2013 Interim Order, 5. Mr. Georgilis argues that the deed in lieu of foreclosure in favor of CFCU was executed based on its promise to refinance the balance of the SBA Loan, and that CFCU did not fulfill that promise.

On April 10, 2013, CFCU filed an Affirmation of Non-Compliance in American Made Tires's Chapter 11 bankruptcy case, stating that the Debtor did not make certain adequate protection payments as required by the February 2013 Interim Order. On April 23, 2013, this Court entered an order granting CFCU relief from the automatic stay, and permitting CFCU to pursue its rights under applicable law with respect to its Collateral. On May 9, 2013, CFCU filed an application for an order to show cause in New York Supreme Court, Chemung County (the "Chemung County Action"), seeking an order of seizure to repossess the equipment upon which it held liens.

On June 11, 2013, the 2011 American Made Tires Chapter 11 bankruptcy case was dismissed, and on July 2, 2013, it was closed. Subsequently, on June 24, 2013, a conditional order of seizure was entered in the Chemung County Action, staying that action as long as American Made Tires or Mr. Georgilis continued to make combined loan payments to CFCU of $5,781.20 a month.

On December 18, 2013, American Made Tires filed a second Chapter 11 petition, Case No. 13-47510. *In re American Made Tires Inc*, No. 13-47510 (Bankr. E.D.N.Y. Dec. 18, 2013). On August 1, 2014, that bankruptcy case was dismissed and on August 20, 2014, the case was closed.

### Mr. Georgilis' Motion to Reconsider

*Mr. Georgilis' First Argument: This Court Issued Two Decisions that Reach Opposite Results, Amounting to a Mistake by the Court*

Mr. Georgilis argues, in substance, that this Court's decision to remand contradicts the terms of the Court's Remand Order because, in the Remand Order, this Court determined that it had jurisdiction to hear this adversary proceeding.

Mr. Georgilis also argues, in substance, that remand of this adversary proceeding is inappropriate, based on language that this Court used in an order dismissing a related adversary proceeding involving some of the same parties to this adversary proceeding, *Georgilis v. Corning Federal Credit Union* ("*Georgilis v. CFCU*"), Adversary Proceeding No. 14-01225 (the "Order Granting Motion to Dismiss *Georgilis v. CFCU*"). In that order, the Court denied the alternative relief requested, which was to remand that proceeding for lack of subject matter jurisdiction pursuant to Judiciary Code Section 1334(b). Specifically, the Court determined that *Georgilis v. CFCU* constituted a core proceeding because, among other reasons, the proceeding raised questions of interpretation of interim orders entered by the Court in the 2011 American

Made Tires Bankruptcy Case allowing, among other things, the use of cash collateral by the Debtor.

Mr. Georgilis also argues, in substance, that remand of this adversary proceeding is inappropriate because the Court acknowledged that it has jurisdiction to hear this adversary proceeding, and if a court has jurisdiction over a proceeding, then remand should not follow. That is, he states, in substance, that this Court mistakenly remanded this adversary proceeding where it "had the knowledge and authority to keep this adversary proceeding" and where it previously acknowledged that a similar proceeding was a core proceeding.  Mot. to Reconsider, 2-4.

And Mr. Georgilis argues that this Court may reconsider the Remand Order if he shows that the order was rendered infirm by a defect.  Here, he argues that the Remand Order is defective because the Court made contradictory determinations with respect to essentially the same question – that is, whether the Court has jurisdiction and whether remand is appropriate.

_Mr. Georgilis' Second Argument: The Order Remanding this Proceeding Amounts to Dismissal with Prejudice of All Counts Against CFCU and Central Marketing_

Mr. Georgilis notes that while a related adversary proceeding, _Georgilis v. CFCU_, was pending in this Court, the state court issued a ruling on his application for an order to show cause in a different state court action that he commenced against CFCU.  Mr. Georgilis states that in that ruling, the state court barred him from seeking an injunction against CFCU because he consented to a stipulation acknowledging the validity of the CFCU Loans.

Mr. Georgilis argues that New York Supreme Court did not have jurisdiction to enter that order.  Mr. Georgilis also argues, in substance, that the state court's determination shows that it defers to orders entered by the bankruptcy court and that "[n]o justice of the [New York] Supreme Court will ever consider to overrule decisions so ordered in federal bankruptcy court."

Mot. to Reconsider, 5.  Mr. Georgilis also argues that this Court "gave [him] permission to refile when [the Court] dismissed [*Georgilis v. CFCU*]."  *Id.*

Mr. Georgilis argues, in substance, that the New York Supreme Court will defer to this Court's reasoning and decision on the Motion to Remand and this Motion to Reconsider so that this Court's remand effectively results in a dismissal with prejudice of the counts against CFCU and Central Marketing.

### *Mr. Georgilis' Third Argument: CFCU Perpetrated a Fraud on this Court*

Mr. Georgilis asserts that CFCU and its attorney obtained an order of seizure in the Chemung County Action by fraudulently claiming to hold a perfected priority security interest in the assets of American Made Tires.  Mr. Georgilis also argues that CFCU violated orders issued by New York Supreme Court Justice Judith F. O'Shea, but does not describe what orders were violated by CFCU or how the violations occurred.  As a result, Mr. Georgilis claims that CFCU perpetrated a fraud on this Court sufficient to satisfy the Rule 60(b) standard for relief from the Remand Order.

### *Mr. Georgilis' Fourth Argument: Certain Orders Entered by this Court Were Deliberately Crafted by CFCU's Counsel to Protect CFCU*

Mr. Georgilis argues that certain orders issued by the Court in the American Made Tires Chapter 11 bankruptcy case were prepared and submitted by CFCU and its attorney in a manner that was designed to protect CFCU's interests.  Mr. Georgilis argues, in substance, that counsel to CFCU engaged in misconduct by drafting certain stipulations and proposed orders that he and others signed at the direction of counsel to American Made Tires.

Mr. Georgilis acknowledges that "it may be true that we signed orders, or consented to orders as presented to this court by [CFCU] and [its counsel]."  Mot. to Reconsider, 8.  But Mr. Georgilis asserts that CFCU drafted these orders "very carefully . . . to protect the rights of

[CFCU]" and that subsequently, CFCU, in substance, used these orders to obtain unjust relief in state court. Mot. to Reconsider, 8-9. Mr. Georgilis argues that CFCU had no basis in law to contend that it possessed a security interest in certain assets of American Made Tires, even though he and others signed orders acknowledging the indebtedness to CFCU and the validity of certain liens held by CFCU in the American Made Tires Chapter 11 bankruptcy case. As a result, Mr. Georgilis claims that CFCU engaged in misconduct sufficient to satisfy the Rule 60(b) standard for relief from the Remand Order.

### CFCU's Opposition

*Response to Mr. Georgilis' First Argument that this Court Erred in Issuing Two Decisions that Reach Opposite Results*

CFCU responds that Mr. Georgilis essentially takes two of the Court's decisions from separate adversary proceedings out of context and misinterprets them. CFCU also responds that Mr. Georgilis does not show how the Court's rulings were incorrect, or how these rulings led to a mistake by the Court in reaching its decision on the Motion to Remand. And CFCU responds that Mr. Georgilis does not support his argument with evidence showing that the Court made a mistake in granting CFCU's Motion to Remand.

*Response to Mr. Georgilis' Second Argument that this Court's Decision to Remand this Adversary Proceeding Amounts to a Dismissal with Prejudice*

CFCU responds that Mr. Georgilis is not unfairly prejudiced by the remand of this adversary proceeding to New York Supreme Court. CFCU also responds that remanding this adversary proceeding to state court does not amount to a dismissal of Mr. Georgilis' action against CFCU and Central Marketing. Instead, CFCU states that the proceeding will now be heard in New York Supreme Court, where Mr. Georgilis has the opportunity to appear and be heard, and that as of yet, nothing has been decided in that action.

CFCU also responds that Mr. Georgilis is not unfairly prejudiced by the Remand Order in the New York Supreme Court Action, because there is a difference between an unfavorable decision and a prejudicial one.  And even if he was prejudiced, CFCU responds that Mr. Georgilis' prejudice argument does not amount to grounds to grant the Motion for Reconsideration under Fed. R. Civ. P. 60(b).

*Response to Mr. Georgilis' Third Argument that CFCU Perpetrated a Fraud on this Court*

CFCU denies that it or its counsel perpetrated a fraud on this Court and states that the very orders entered in the American Made Tires Chapter 11 bankruptcy case contradict Mr. Georgilis' claim.  CFCU also states that Mr. Georgilis does not offer any specific allegations or evidence to support his assertions that CFCU perpetrated a fraud on this Court by representing that it had clear title and a perfected priority interest in the Collateral.

CFCU also responds that Mr. Georgilis and American Made Tires acknowledged the validity of the loans that they received from CFCU, and CFCU's perfected priority interest in the collateral securing those loans, on at least three occasions.  First, Mr. Georgilis and American Made Tires acknowledged the validity of the CFCU Loans twice in adequate protection orders issued by this Court, on July 19, 2012 and February 14, 2013.  Second, Mr. Georgilis and American Made Tires also acknowledged the validity of the loans a third time in the June 14, 2013 consent order.  And third, CFCU states that Mr. Georgilis' argument that CFCU somehow committed a fraud upon this Court is contradicted by the three orders to which he and American Made Tires consented and approved.

*Response to Mr. Georgilis' Fourth Argument that Each of the Orders Entered by this Court Was Deliberately Crafted by CFCU's Counsel to Protect CFCU*

CFCU responds, in substance, that Mr. Georgilis' arguments that CFCU perpetrated a fraud upon the Court or that CFCU engaged in misconduct in the preparation of proposed orders

in the American Made Tires Chapter 11 bankruptcy case is "flatly contradicted by the three

orders to which [Mr. Georgilis and American Made Tires] consented and approved."

## **Mr. Georgilis' Reply**

In reply, Mr. Georgilis restates and reiterates many of his original arguments in support

of his Motion to Reconsider, and supplements those arguments with exhibits to support his

claims.  These exhibits include motions filed by Mr. Georgilis in this adversary proceeding that

were marked off the calendar upon this Court's remand of this adversary proceeding to the New

York Supreme Court, documents relating to the CFCU Loans, motions filed and orders entered

in the American Made Tires Chapter 11 bankruptcy case, the Remand Order, the Order Granting

Motion to Dismiss *Georgilis v. CFCU*, and the papers filed in connection with this Motion to

Reconsider.

Mr. Georgilis also offers two "legal proofs and conclusions" to the Court.  "Proof 1 will

be that [CFCU], Glenn Fjermedal, and David L. Rasmussen have filed pleadings with this Court

that were fraudulent and not representative of the pleadings required to satisfy [Federal Rule of

Civil Procedure] 11."  Pl.'s Reply Affirmation, 8.  "Proof 2 will be that the Court, in deciding to

remand this Adversary Proceeding to State Court, has taken a mistaken or inadvertent action."

Pl.'s Reply Affirmation, 8.

In support of Proof 1, Mr. Georgilis argues, in substance, that CFCU breached the

contracts underlying the CFCU Loans by "issuing . . . an instrument payable to the order of []

two payees [the Debtor and Rule Transfer], [CFCU] failed to give value to [the Debtor] as

specified in the contract."  Pl.'s Reply Affirmation, 18.  Mr. Georgilis also argues that the Court

should find the contracts for the CFCU Loans to be void and unenforceable, declare all loan

documents executed on July 30, 2010 void and unenforceable, and direct CFCU to relinquish the

13

deed in lieu of foreclosure with respect to the Property.  In response to CFCU's argument that the Court made findings about the enforceability of the loans in adequate protection orders issued in the American Made Tires bankruptcy case, Mr. Georgilis states that "The findings which [CFCU] claims to have been issued by [this Court] were in reality stipulations between a potted plant attorney, and an attorney interested in earning $500 per hour, adjudicating false claims in bankruptcy court."  Pl.'s Reply Affirmation, 21.

### The Rule 60(b) Standard for Relief from a Final Judgment, Order, or Proceeding

Federal Rule of Civil Procedure 60(b), made applicable here by Bankruptcy Rule 9024, provides grounds for relief from a final judgment, order, or proceeding.  Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) is timely if it is made within a reasonable time, and for the reasons set forth in Rule 60(b)(1), (2), and (3), within a year after the entry of the judgment or order or date of the proceeding.

As the Second Circuit has observed, a grant of relief under Rule 60(b) is "extraordinary judicial relief, [and the rule] is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986). *See In re Waugh*, 367 B.R. 361, 366 (Bankr. E.D.N.Y. 2007). As the Second Circuit has also noted, "[t]he burden of proof is on the party seeking relief from judgment[.]" *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). And the Second Circuit has explained that, in deciding a Rule 60(b) motion, courts generally "must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality . . . Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing . . . and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal citations and quotations omitted).

Courts in this District have found that Rule 60(b) is strictly applied, following the principle that "[a] court's final judgment should not 'be lightly reopened.'" *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 286 (E.D.N.Y. 2001) (quoting *Nemaizer,* 793 F.2d at 61). Courts in this District have likewise observed that "[p]roperly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Stefanopoulos v. City of New York,* 2007 WL 160819, at *2 (E.D.N.Y. Jan. 17, 2007) (citing *House v. Sec'y of Health and Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982)). Finally, it is worth noting that the "decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the [] court . . . ." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)).

## **Discussion**

A motion to reconsider gives the court an opportunity to review the record through the lens of Federal Rule of Civil Procedure 60(b), and if the exacting standards of that rule are met, to grant appropriate relief.  Where, as here, there is a long history of litigation and other proceedings in this and other courts, a motion to reconsider also permits the court to take a second look at whether a correct, sound, and just result was achieved in light of all of the facts and circumstances.

The door to relief under Rule 60(b) does not remain open indefinitely, and the first question that a court should consider is whether the request for reconsideration is timely.  As noted above, Rule 60(b) provides that such a request must be made within "a reasonable time," and as to certain grounds set forth in Rule 60(b)(1), (2), and (3), within a year of the entry of the judgment, order, or proceeding at issue.  Here, the record shows that Mr. Georgilis' Motion to Reconsider is timely, because it was made within a month of the date of entry of the Remand Order.

The next question that a court should consider is whether any of the grounds for reconsideration set forth in Rule 60(b) are met.  Here, as described in some detail above, Mr. Georgilis argues, in substance, that reconsideration is warranted on grounds of mistake, fraud, misconduct, and other reasons.  These arguments implicate the criteria set forth in Rule 60(b)(1), 60(b)(3), and 60(b)(6).

Finally, as the Second Circuit has noted, courts "read [a *pro se* party's] papers 'liberally and interpret them to raise the strongest argument that they suggest.'"  *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir.

16

2003)).  Because Mr. Georgilis is *pro se*, the Court is "obligated to afford a special solicitude to [him, as a] pro se litigant[]." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

*Whether Mr. Georgilis Has Shown that He Is Entitled to Relief Under Rule 60(b)(1)*

Rule 60(b)(1) authorizes the court to grant a motion to relieve a party from a final judgment, order, or proceeding because of mistake, inadvertence, surprise, or excusable neglect. Mr. Georgilis states that the Court's Remand Order contains inconsistencies in analyzing the Court's jurisdiction and the appropriateness of remand on equitable grounds.  He urges that the inconsistencies between the Court's determination in the Remand Order that it has jurisdiction to hear this adversary proceeding, and the Court's determination in the Order Granting Motion to Dismiss *Georgilis v. CFCU* that that similar proceeding was a core proceeding, amount to mistakes that led to the Court's erroneous determination to grant CFCU's Motion to Remand and to remand this case to New York Supreme Court.

Federal Rule of Civil Procedure 60(b)(1) "affords a party relief from a material mistake that changed the outcome of the court's judgment." *In re Carlton Concrete Corp.*, 2008 WL 4443233, at *5 (E.D.N.Y. Sept. 26, 2008) (internal citations omitted).  For purposes of Rule 60(b)(1), "mistake" encompasses situations where the court made a mistake of fact or law in reaching its decision.  *See, e.g.*, *In re Carlton*, 2008 WL 4443233, at *6 (noting that "Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment . . . [h]owever, Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." (internal citations and quotations omitted)).

Here, the record shows that the Court appropriately determined that it had jurisdiction to hear this adversary proceeding after the dismissal of the underlying American Made Tires

bankruptcy case, based upon consideration of the factors set forth by the Second Circuit in *In re Porges*. But the Court's conclusion that it has *jurisdiction to hear* this adversary proceeding does not undermine or cast doubt on the Court's *discretion to remand* this adversary proceeding on equitable grounds under Judiciary Code Section 1452(b). As the record shows, the Court carefully considered the factors to be weighed in considering a motion to remand on equitable grounds as set forth in *Drexel Burnham* and as followed by other courts. *See, e.g.*, *Schumacher v. White*, 429 B.R. 400, 405 (E.D.N.Y. 2010) (applying *Drexel* factors); *In re 9281 Shore Road Owners Corp. v. Seminole Realty Co.*, 214 B.R. 676, 696 (Bankr. E.D.N.Y. 1997) (same). Based on those considerations and the entire record, the Court correctly determined that CFCU established that this adversary proceeding should be remanded to New York Supreme Court.

Mr. Georgilis also argues, in substance, that this Court made a mistake when it determined to remand this adversary proceeding, based on the similarities that he identifies between the issues raised here and the issues raised in *Georgilis v. CFCU*. But in *Georgilis v. CFCU*, the Court *granted* CFCU's motion to dismiss, and *denied* CFCU's alternative request for remand based on lack of subject matter jurisdiction pursuant to Judiciary Code Section 1334 because, among other reasons, that proceeding was found to constitute a core proceeding. Here, by contrast, the Court granted CFCU's Motion to Remand based on equitable grounds pursuant to Judiciary Code Section 1452(b).

The standards and considerations for remand based on lack of subject matter jurisdiction under Judiciary Code Section 1334 and equitable grounds under Judiciary Code Section 1452(b) are different. So while Mr. Georgilis is correct that this Court issued two orders on motions for remand with opposite results, to the extent that this Court denied a motion to remand in *Georgilis v. CFCU* and granted the Motion to Remand in this proceeding, that does not indicate that this

Court's determination here was in error. On the one hand, Judiciary Code Section 1334 calls for remand when the bankruptcy court lacks subject matter jurisdiction. But Judiciary Code Section 1452(b) permits remand on any equitable ground, even in cases where the bankruptcy court has subject matter jurisdiction. That is, the decisions were made by this Court in different adversary proceedings, between different parties, pursuant to different statutes, and on different grounds.

For these reasons, and based on the entire record, Mr. Georgilis has not met his burden to show that reconsideration is warranted under Rule 60(b)(1) on grounds that this Court made a mistake in deciding that this adversary proceeding should be remanded to the New York Supreme Court on equitable grounds under Judiciary Code Section 1452(b).

*Whether Mr. Georgilis Has Shown that He Is Entitled to Relief Under Rule 60(b)(3)*

Rule 60(b)(3) authorizes the court to grant a motion to relieve a party from a final judgment, order, or proceeding because of fraud, misrepresentation, or misconduct by an opposing party. As courts in this District have noted:

> To succeed on [a motion for relief from a final order] under Rule 60(b)(3), the [party] must prove by clear and convincing evidence that the order was procured by fraud, misrepresentation, or other misconduct. To meet this high burden, the [party] must do more than make "conclusory allegations of fraud" and must show that the alleged fraud, misrepresentation, or other misconduct was "material to the outcome."

*In re Waugh*, 367 B.R. at 367 (quoting *In re St. Stephen's 350 E. 116th St.*, 313 B.R. 161, 174 (Bankr. S.D.N.Y. 2004)). *See Fleming v. NYU*, 865 F.2d 478, 484 (2d Cir. 1989) (observing that "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").

Mr. Georgilis argues, in substance, that CFCU and its attorney obtained orders in state court by fraudulently claiming a perfected priority interest in the assets of American Made Tires. Mr. Georgilis also argues that CFCU violated orders obtained in the State Court Action. He

states, in substance, that CFCU's counsel engaged in misconduct by drafting certain stipulations and proposed orders submitted to this Court in a way that inappropriately favored CFCU, and that Mr. Georgilis and others signed those stipulations at the direction of counsel to American Made Tires.

Here, the record shows that Mr. Georgilis, as principal of the American Made Tires and guarantor of certain loans, acknowledged the validity of the CFCU Loans, which he now seeks to have declared void and unenforceable. In particular, the record shows that American Made Tires, by counsel, consensually entered into certain interim orders, signed by Mr. Georgilis and others, stipulating that it acknowledges and agrees to the validity of certain contract terms with respect to the CFCU Loans. The record does not show, or even suggest, that CFCU perpetrated a fraud in preparing or submitting these stipulations, or that any proposed orders were prepared in an inappropriate way. Nor does it show that this Court's decision to remand this adversary proceeding arises from or relates in any way to the validity of the CFCU Loans.

For these reasons, and based on the entire record, Mr. Georgilis has not met his burden to show that reconsideration is warranted under Rule 60(b)(3) on grounds that CFCU perpetrated a fraud on this Court during the course of the 2011 American Made Tires bankruptcy case or this adversary proceeding.

*Whether Mr. Georgilis Has Shown that He Is Entitled to Relief Under Rule 60(b)(6)*

Rule 60(b)(6) authorizes the court to grant a motion to relieve a party from a final judgment, order, or proceeding for any other reason that justifies relief. The Second Circuit has noted that relief under Rule 60(b)(6) is proper where there are extraordinary circumstances justifying relief, where the judgment may work an extreme and undue hardship, and where the

grounds for relief are not otherwise within the scope of Rule 60(b). *See Nemaizer v. Baker,* 793

F.2d 58, 63 (2d Cir. 1986).

Mr. Georgilis argues, in substance, that the state court will defer to this Court's reasoning

and decision on the Motion to Remand and this Motion to Reconsider so that, in substance, this

Court's remand effectively results in dismissal with prejudice of his claims against CFCU and

Central Marketing. Mr. Georgilis also argues, in substance, that counsel to American Made

Tires engaged in misconduct when it allowed the Debtor to enter into stipulations in the

American Made Tires Chapter 11 bankruptcy case, so that for that reason as well, relief from the

Remand Order is warranted.

In considering whether a client deserves relief from an order as a result of their attorney's

misconduct, Rule 60(b)(6):

> does not permit relief to a client whose counsel has shown gross negligence
> absent a showing of exceptional circumstances, such as a mental disorder, or to a
> party who has made deliberate tactical decisions that do not stem from such a
> mental disorder. An attorney's misconduct only rises to the level contemplated
> by Rule 60(b)(6) in cases of constructive disappearance or a similar inability to
> provide adequate representation.

*D'Angelo v. State Farm Fire & Cas. Co.*, 32 Fed. App'x 604, 605 (2d Cir. 2002) (internal

citations and quotations omitted).

Here, the record shows that Mr. Georgilis has not demonstrated a nexus between the

asserted errors in the Remand Order and the actions of the Debtor's counsel during the 2011

American Made Tires Chapter 11 bankruptcy case. Nor has he shown the presence of gross

negligence or exceptional circumstances on the part of American Made Tires's counsel,

including in connection with the Debtor's entry into the stipulations underlying the interim

orders. The record further does not show that the Court's Remand Order amounts to dismissal of

the State Court Action with prejudice, or that Mr. Georgilis will suffer extreme and undue

hardship as a result of the Remand Order.  Rather, as stated in the Remand Order, "CFCU has established that this Adversary Proceeding should be remanded to the New York Supreme Court," and as a result of that order, this adversary proceeding was remanded to New York Supreme Court for further proceedings.  Remand Order, 7.

For these reasons, and based on the entire record, Mr. Georgilis has not met his burden to show that reconsideration is warranted under Rule 60(b)(6) on grounds that the Debtor's counsel in the American Made Tires Chapter 11 bankruptcy case engaged in misconduct, or for any other reason that justifies relief.

*Whether the Court Would Reach a Different Conclusion if it Granted the Motion to Reconsider*

Even where the particularized grounds for reconsideration under Rule 60(b) are not met, a motion to reconsider allows the court to consider whether, if the question at issue were before it again, it would reach the same conclusion.  Where it is plain from the record that a substantial and consequential error was made, then the interests of finality should yield to the interests of justice and reconsideration may be appropriate.

Here, the record shows that the Court applied the appropriate standard in this Circuit for considering whether to remand an adversary proceeding under Judiciary Code Section 1452(b). Section 1452(b) states, in part, that "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on *any equitable ground*."  28 U.S.C. § 1452(b) (emphasis added).  As courts have recognized, this is so even where the court's own order provides for the retention of jurisdiction.

For example, in *Bayside Fuel Oil Corp. v. Savino*, the court found that even where an order authorizing sale of the debtor's assets specifically retained jurisdiction in the bankruptcy court, equitable considerations could still compel remand of the action.  *Bayside Fuel Oil Corp.*

*v. Savino (In re V. Savino Oil & Heating Co.),* 1992 WL 118801, at *4 (E.D.N.Y. May 21,

1992).  And in *AEG Liquidation Trust v. Toobro N.Y. LLC (In re Am. Equities Grp.)*, a

liquidation trust established under the debtor's confirmed Chapter 11 plan brought a state court

action against various entities asserting state law causes of action, and the bankruptcy court held

that remanding on equitable grounds was appropriate as doing so "promotes comity and judicial

economy and efficiency especially [where] there are no cognizable bankruptcy issues

remaining."  *AEG Liquidation Trust v. Toobro N.Y. LLC (In re Am. Equities Grp.)*, 460 B.R.

123, 132 (Bankr. S.D.N.Y. 2011).

As noted in *Drexel Burnham*, courts have considerable discretion to determine whether to

remand on equitable grounds under Section 1452(b), and may exercise that discretion based on a

number of factors.  *Drexel Burnham,* 130 B.R. at 407.  The *Drexel* factors include:

(1)      the effect on the efficient administration of the bankruptcy estate;

(2)      the extent to which issues of state law predominate;

(3)      the difficulty or unsettled nature of the applicable state law;

(4)      comity;

(5)      the degree of relatedness or remoteness of the proceeding to the main
          bankruptcy case;

(6)      the existence of the right to a jury trial; and

(7)      prejudice to the involuntarily removed defendants.

*Drexel Burnham*, 130 B.R. at 407.  As other courts have noted, "[t]he standard employed by

courts in the Second Circuit for determining whether to grant a request for remand on equitable

grounds under § 1452(b) was stated in *Drexel*."  *In re 9281 Shore Road Owners Corp.*, 214 B.R.

at 696.

At the same time, courts recognize that the *Drexel* factors "are merely illustrative, and the Court may remand on any equitable ground." *JMB Capital Partners v. CRT Capital Grp. (In re NTL, Inc.)*, 295 B.R. 706, 719 (Bankr. S.D.N.Y. 2003). As the Third Circuit observed, an "equitable ground" is not defined in the Judiciary Code, and "is not to be understood as distinguishing equitable from legal grounds in a traditional sense, but, instead, 'equitable' signals that which is reasonable, fair, or appropriate." *Geruschat v. Ernst & Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 245 (3d Cir. 2007) (citation omitted). To the same effect, the Second Circuit has consistently held that "[Section] 1452(b)'s reference to an 'equitable ground' means one that is fair and reasonable." *Cathedral of the Incarnation in the Diocese of Long Island v. Garden City Co. (In re Cathedral of the Incarnation in the Diocese of Long Island)*, 99 F.3d 66, 69 (2d Cir. 1996).

Here, the record shows that, as this Court previously concluded, the relevant *Drexel* factors weigh significantly in favor of remanding this action to New York Supreme Court.

The efficient administration of the bankruptcy estate weighs in favor of remanding this adversary proceeding to New York Supreme Court because, among other reasons, the 2011 American Made Bankruptcy Case has been dismissed since June 11, 2013, which was some twenty-three months before this adversary proceeding was removed to this Court, and remand would not impede the efficient administration of the estate.

The extent to which state law issues predominate weighs in favor of remanding this adversary proceeding to New York Supreme Court because, among other reasons, each of the claims asserted here arises under state law.

The difficulty or unsettled nature of the applicable state law ways somewhat in favor of remanding this adversary proceeding to New York Supreme Court because, among other reasons, some of the state law claims may raise disputed and unsettled issues of state law.

Comity weighs to some extent in favor of remanding this adversary proceeding to New York Supreme Court because, among other reasons, this action seeks, among other relief, to determine the validity of the security agreement between CFCU and American Made Tires under state law. The principle of comity invites federal courts to defer to state courts in the interpretation of state law, and New York Supreme Court is in the best position to interpret novel state law claims.

The degree of relatedness or remoteness of these proceedings to the main bankruptcy case weighs in favor of remanding this adversary proceeding to New York Supreme Court because, among other reasons, the 2011 American Made Tires Bankruptcy Case has been dismissed and the removed claims are state law claims that do not constitute a core proceeding.

The existence of the right to a jury trial weighs neither in favor of nor against remanding this adversary proceeding to New York Supreme Court as the record does not indicate that any party has requested or intends to request a trial by jury.

And the potential prejudice to the involuntarily removed defendants weighs neither in favor of nor against remanding this adversary proceeding to New York Supreme Court as the involuntarily removed parties are not likely to be prejudiced by being required to litigate in state court.

That is, the relevant factors weigh significantly in favor of remanding, and now, just as when the Court first considered these issues, the Court concludes that remand of this adversary proceeding to New York Supreme Court is appropriate.

For these reasons, and based on the entire record, even if the Motion to Reconsider was granted, the Court concludes that Mr. Georgilis has not shown that the outcome of the Motion to Remand would be different. Stated another way, the Court concludes that upon reconsideration, it would reach the same conclusion as it did when it granted CFCU's Motion to Remand, that motion would be granted, and this adversary proceeding would be remanded to New York Supreme Court.

<u>Conclusion</u>

For these reasons, and based on the entire record, the Court concludes that Mr. Georgilis has not shown that he is entitled to reconsideration of this Court's decision on his motion to remand this adversary proceeding to New York Supreme Court under Federal Rule of Civil Procedure 60(b). The Court further concludes that upon reconsideration, this Court would reach the same conclusion and would remand this adversary proceeding to New York Supreme Court. The Motion to Reconsider is denied. An order in accordance with this Memorandum Decision shall be entered simultaneously herewith.



**Dated: Brooklyn, New York**
**June 14, 2016**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**